**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MAJOR HUDSON, III,

      Petitioner - Appellant,

v.

JAMES L. SAFFLE, Director of the
Oklahoma Department of Corrections,

      Respondent - Appellee,

      and

STATE OF OKLAHOMA,

      Respondent.

No. 01-6296
(D.C. No. 01-CV-258-W)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

      Petitioner-Appellant Major Hudson, III, an inmate appearing pro se, seeks a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

certificate of appealability ("COA") allowing him to appeal the district court's order denying his petition for a writ of habeas corpus, 28 U.S.C. § 2254. Because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

Petitioner was convicted in a jury trial of Rape in the First Degree, Burglary in the First Degree, Child Abuse, and Threatening a Witness. He was sentenced to fifty-three years on the rape charge, twenty years on the burglary charge, ten years on the child abuse charge, and seven years on the witness threatening charge, all to be served consecutively. On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the convictions and sentences. Petitioner subsequently filed an application for post-conviction relief in state court, alleging that his court-appointed appellate counsel provided ineffective assistance. The state trial court denied the application and the OCCA subsequently entered an order declining jurisdiction dismissing Petitioner's post-conviction appeal on the ground that it was untimely filed.

Petitioner then filed a federal habeas petition, claiming (1) admission of evidence of other crimes denied him a fair trial; (2) the evidence was insufficient to support the convictions; (3) defense counsel provided ineffective assistance of counsel at trial; (4) the sentences were excessive; and (5) his appellate counsel

provided ineffective assistance on his direct appeal. After referral of the matter from the district court, the magistrate judge issued a thorough Report and Recommendation, recommending dismissal of the petition. R. Doc. 17. Petitioner had filed a motion to stay the proceeding in federal court because he claimed he had a pending application in state trial court to appeal out of time the denial of his post-conviction ineffective assistance of appellate counsel claim. The magistrate judge denied the motion after concluding that Petitioner had provided no specific information or documentary evidence supporting his allegation of a post-conviction proceeding. The district court adopted the Report and Recommendation and denied both the petition and the motion to stay the proceedings. R. Doc. 20.

With the exception of his claim of ineffective assistance of appellate counsel, Petitioner raises the same issues in this appeal as he did below: (1) that admission of other crimes denied him a fair trial; (2) that the evidence was insufficient to support the convictions; (3) that defense counsel provided ineffective assistance; and (4) that his sentence was excessive.

We have carefully reviewed Petitioner's request for a COA, his appellate brief, the magistrate judge's recommendation, and the appellate record, and conclude that he has failed to demonstrate that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the

questions presented deserve further proceedings.  See Slack v. McDaniel, 529

U.S. 473, 483–84 (2000).  As such, Petitioner has failed to make the "substantial

showing of the denial of a constitutional right" required for a COA.  28 U.S.C. §

2253(c)(2).

Accordingly, for substantially the reasons set forth by the magistrate judge,

we DENY Petitioner's request for a COA and DISMISS his appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge