FILED
United States Court of Appeals
Tenth Circuit

January 6, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MAJOR HUDSON, III,

    Petitioner - Appellant,

v.

RICK WHITTEN,

    Respondent - Appellee.

No. 20-6140
(D.C. No. 5:01-CV-00258-G)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **KELLY**, and **EID**, Circuit Judges.
_____

Major Hudson, III, an Oklahoma prisoner proceeding pro se,[1] seeks to appeal the

district court's dismissal of his Fed. R. Civ. P. 60(b) motion as an unauthorized second or

successive 28 U.S.C. § 2254 petition. We deny Hudson's request for a certificate of

appealability (COA) and dismiss this matter.

In 1998, an Oklahoma state court jury convicted Hudson on charges of first-degree

burglary, first-degree rape, child abuse, and threatening a witness. The Oklahoma Court

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Hudson appears pro se, we construe his filings liberally but do not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

of Criminal Appeals affirmed on direct appeal. Hudson filed his first § 2254 petition challenging his conviction in 2001. He claimed: "(1) admission of evidence of other crimes denied him a fair trial; (2) the evidence was insufficient to support the convictions; (3) defense counsel provided ineffective assistance of counsel at trial; (4) the sentences were excessive; and (5) his appellate counsel provided ineffective assistance on his direct appeal." *Hudson v. Saffle*, 30 F. App'x 823, 824 (10th Cir. 2002). The district court denied relief on the merits, and this court denied his request for a COA. In 2016, Hudson sought authorization to file a second or successive § 2254 petition, but we denied authorization.

In 2019, Hudson again sought authorization to file a second or successive § 2254 petition. He hoped to bring two new claims for ineffective assistance of appellate counsel. We again denied authorization. Undeterred, Hudson then filed a motion under Fed. R. Civ. P. 60(b)(6) in the district court seeking to amend his 2001 § 2254 petition to include the two claims for ineffective assistance of appellate counsel that we denied him authorization to file.[2] The district court concluded that because the motion sought "to

_____

[2] Hudson entitled his pro se filing a "Motion to Recall Mandate." R. at 29 (capitalization omitted). The motion invoked, as "rel[e]vant authorities," both Fed. R. Civ. P. 15(c)(1)(B) and Fed. R. Civ. P. 60(b)(6). *Id.* at 32. "But the motion was filed after judgment, and we have held that once judgment is entered, the filing of an amended complaint [under Fed. R. Civ. P. 15] is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (internal quotation marks omitted). Hudson contends on appeal that he brought his motion "under Rule 60(b)(6)'s catch[-]all provision." Aplt. Combined Opening Br. at 2. We construe it accordingly. *See Nelson*, 465 F.3d at 1148 ("Because [the defendant] was proceeding pro se, we will construe his motion liberally, and treat it as a combination of a motion to set aside judgment under Rule 60(b) . . . and a motion to then amend under Rule 15." (citation omitted)).

2

present claims based upon a denial of [Hudson's] constitutional right to effective assistance of appellate counsel," it "must be treated as a second or successive habeas petition." R. at 75–76 (citing *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006)). The district court dismissed Hudson's motion for lack of jurisdiction as an unauthorized second or successive § 2254 petition and in the process expressly declined to transfer the motion to this court for possible authorization. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam) ("When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction.").

The district court correctly construed Hudson's motion as a second or successive habeas petition. *See Spitznas*, 464 F.3d at 1215 ("[A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."). Hudson therefore must obtain a COA before he can appeal the district court's dismissal of the motion. *See* 28 U.S.C. § 2253(c)(1)(A); *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (construing 28 U.S.C. § 2255 and holding "that § 2253 requires [a] petitioner to obtain a COA before he or she may appeal" from "the district court's dismissal of an unauthorized . . . motion").

To obtain a COA, Hudson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court's ruling rested

3

on procedural grounds, Hudson must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Hudson has not met this burden.

"Before a petitioner may file a second or successive 28 U.S.C. § 2254 petition in the district court, he must successfully apply to this court for an order authorizing the district court to consider the petition." *Spitznas*, 464 F.3d at 1215 (citing 28 U.S.C. § 2244(b)(3)). We rejected Hudson's application for authorization to file his motion. The district court therefore correctly concluded that it lacked jurisdiction to consider Hudson's motion. *See Cline*, 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization.").

Because reasonable jurists could not debate the correctness of the district court's procedural ruling, we deny Hudson's application for a COA and dismiss this matter. We deny Hudson's motion to proceed on appeal without prepayment of costs or fees because he failed to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court
Per Curiam

4